## CAMPBELL v. EAGLE & BLUE BELL MINING CO. et al.

No. 4184.   Decided December 3, 1924.   (231 Pac. 620.)

MASTER AND SERVANT—INDUSTRIAL COMMISSION'S FINDING ON CONFLICTING TESTIMONY CONCLUSIVE. Industrial Commission's findings on competent conflicting testimony, in proceedings for additional compensation, cannot be disturbed, though Supreme Court might have come to different conclusion.

Proceeding for additional compensation under Workmen's Compensation Act (Comp. Laws 1917, §§ 3061-3165) by John Campbell, employé, opposed by the Eagle & Blue Bell Mining Company and others. Additional compensation denied, and applicant brings certiorari.

ORDER AFFIRMED.

*John F. Tobin,* of Salt Lake City, for plaintiff.

*Harvey H. Cluff,* Atty. Gen., and *J. Robert Robinson,* Asst. Atty. Gen., for defendants.

GIDEON, J.

This is a review of an order made by the Industrial Commission denying to plaintiff Campbell additional compensation for an injury alleged to have been sustained by him while in the employ of defendant Eagle & Blue Bell Mining Company.

It appears that plaintiff suffered an injury while in that employment on October 23, 1922. The employer reported to the Commission the fact of the accident, on October 24, 1922. This report was made pursuant to a rule of the Commission requiring such reports to be made. The applicant was paid compensation from the date of the injury to and including the 15th day of January, 1923, at the rate of $16 per week. Immediately after the injury plaintiff was taken to the Holy Cross Hospital in Salt Lake City. On the 25th or 26th of October an X-ray picture was taken of the lower part of the applicant's spine where the injury claimed exists. That X-ray picture was taken by one Dr. Robison, who made a report that the X-ray picture showed "negative." That expression seems to have been understood as meaning that the picture indicated the ordinary, normal location of the bones of that part of the body. The applicant afterwards returned to work, and worked intermittently during the spring and summer of 1923. In May he was compelled to quit work by reason of his physical condition. He worked at other places intermittently during the remainder of that year, but much of the time was not able to work, as stated by him in his testimony.

On the 15th of March, 1924, application was made to the Commission for adjustment of compensation. A hearing was had before the Commission on April 1st, and testimony was offered both in support of the application and against granting further compensation. On the 5th of June of that year a decision was rendered by the Commission denying compensation. On the 25th of June petition for rehearing was filed and that petition was denied on July 17th. On August 9, 1924, the applicant in the meantime having employed counsel, a motion was filed before the Commission to reconsider its denial of the application for rehearing and to reopen the case. That motion was supported by the affidavit of Dr. Robison to the effect that he had made an error in his report on the X-ray picture taken by him while the applicant was in the Holy Cross Hospital. Acting on this motion the Commission passed a resolution requiring

the interested parties to appear before it on the 15th day of August, 1924, at 10 o'clock a. m.   The sole purpose of the hearing to be had at that time was to give Dr. Robison an opportunity to correct his statements theretofore given by him respecting the X-ray picture he had taken.   At this hearing Dr. Robison testified, and other testimony was introduced, after which the Commission, acting through two of its members, adhered to its former ruling in denying additional compensation.   A writ of certiorari was issued by this court, and in response to that writ the Commission has caused to be certified and filed with the clerk of this court the testimony taken before it and the other records in the case.

The testimony taken before the Commission consists entirely of the opinions of medical experts with the exception of the testimony of the applicant, Campbell.   This testimony is conflicting.   We can see nothing in this record for review except the findings of the Commission based upon conflicting testimony.   The testimony was competent and material to the issues to be determined by the Commission, and on that testimony the Commission made its findings.   This court, in proceedings of this character, is without power to disturb the findings of the Commission based upon competent conflicting testimony.   The statute so provides, and the court has so decided in numerous opinions.   It is wholly immaterial that this court, or the individual members thereof, might have come to a different conclusion than that reached by the Commission.   The Commission's findings are binding when supported by competent, material testimony.

It necessarily follows, and such is the order, that the order of the Commission denying additional compensation is affirmed.

WEBER, C. J., FRICK and CHERRY, JJ., and WOOLLEY, District Judge, concur.

THURMAN, J., did not participate herein.