427 P.2d 394

**Clinton C. THOMPSON, Plaintiff,**

**v.**

**The INDUSTRIAL COMMISSION of Utah, State Board of Health and The State Insurance Fund, Defendants.**

**No. 10642.**

Supreme Court of Utah.

May 8, 1967.

Wayne C. Durham, Gary L. Theurer, Van Cott, Bagley, Cornwall & McCarthy, Salt Lake City, for plaintiff.

Robert D. Moore, Salt Lake City, for defendants.

TUCKETT, Justice:

Plaintiff initiated these proceedings before the Industrial Commission seeking to recover compensation for a disability he

claims he suffered while in the employment of the defendant, State Board of Health. After a hearing before the Commission the claim of the plaintiff was denied. The plaintiff is now before this Court seeking a reversal of the order of the Commission, or in the alternative, for a new hearing.

The plaintiff went to work for the Utah Department of Health as a janitor in January of 1960. His work consists of general janitorial and maintenance duties. In July, 1964, the hot water pipe had burst in the basement of the building in which the plaintiff was employed. In order to gain access to the broken pipe and to effect repairs it became necessary to cut an opening in the cement wall of a service tunnel. A rotary electric drill weighing between 30 and 40 pounds was employed by the plaintiff in making the opening through the cement wall. Due to the confined area of the tunnel, the plaintiff was unable to work from an erect position. The temperature in the tunnel was considerably higher than that of the building area.

The plaintiff worked in the tunnel for the greater part of one week, and he was assisted during a part of that time by another workman. Due to the strenuous nature of the work, the plaintiff received blisters on his fingers and hands. At the end of each working day the plaintiff was exhausted, and his clothing was wet from perspiration. On Saturday, July 18, 1964, the plaintiff was so exhausted from the week's labor that he rested most of the day. On the following day the plaintiff attended a family reunion in Manti, Utah, returning to his home in Salt Lake City about 8:30 p. m.

After his return home, the plaintiff felt a "charleyhorse" sensation in his left hand and arm which spread to the whole of his left side, accompanied by severe pain. He was later that night admitted to a hospital where his condition was diagnosed as generalized seizures, grand mal in nature, which continued for a period of approximately 24 hours.

Approximately 25 years prior to the incident of July, 1964, the plaintiff was thrown from a horse, striking the right side of his head. As a result of this fall the plaintiff received a subdural hematoma for which he was operated upon by Dr. Reed Harrow. The plaintiff fully recovered from the operation except for some impairment of his left hand.

During the time the plaintiff was suffering from the seizures above referred to he was treated by Dr. Kenneth J. Nielson. Dr. Nielson stated that in his opinion the seizures were the result of the prior brain damage, precipitated by strenuous activity. Dr. E. Daniel Nusbaum, a neurologist, also examined the plaintiff. Dr. Nusbaum was of the opinion that the plaintiff's seizure disorder resulted in a status epilepticus, sec-

ondary to a remote brain and head injury, which was very likely precipitated by fatigue and fluid loss, and electrolyte imbalance associated with the performance of heavy labor in a confined space.

The Commission submitted the matter to a medical panel. The medical panel concluded that there was "no good evidence that the alleged injury on or about July 17, 1964, had any direct relationship to producing the cerebral status noted, or that the alleged injury aggravated the pre-existing condition resulting in the present cerebral status." Based upon the medical report the Commission found that there was "no evidence that the seizure activity was directly related to the circumstances surrounding the applicant's employment prior to the onset of his recurrent focal and generalized convulsive activity following admission to the hospital."

It appears that the Commission based its decision upon the conflicting medical opinions. We must conclude that the order was based upon competent evidence. There is nothing in the record to indicate that the Commission acted capriciously or arbitrarily.[1] The decision of the Commission is affirmed. No costs awarded.

CROCKETT, C. J., and CALLISTER, HENRIOD and ELLETT, JJ., concur.

---

1.  Campbell v. Eagle & Blue Bell Mining Co., 64 Utah 430, 231 P. 620.